# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIHA K.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL,[2] <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 8:19-cv-00877-MAA <br><br> **MEMORANDUM DECISION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER** |

On May 9, 2019, Plaintiff filed a Complaint seeking review of the Social Security Commissioner's final decision denying her application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act.  This matter is fully briefed and ready for decision.  For the reasons discussed below, the Commissioner's final decision is affirmed, and this action is dismissed with prejudice.

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] The Commissioner of Social Security is substituted as the Defendant pursuant to Federal Rule of Civil Procedure 25(d).

**PROCEDURAL HISTORY**

On November 22, 2015, Plaintiff protectively filed an application for a period of disability and disability insurance benefits, alleging disability beginning on December 9, 2014. (Administrative Record [AR] 15, 56-57.) Plaintiff alleged disability because of a back injury, arthritis, high blood pressure, "Disc 3, 4, 5, s1 and s2," sciatica, inflammation, chronic pain, and "cholesterol." (AR 57-58.) After her application was denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 91-92.) At a hearing held on May 9, 2018, at which Plaintiff appeared with counsel, the ALJ heard testimony from Plaintiff and a vocational expert. (AR 35-55.)

In a decision issued on May 31, 2018, the ALJ denied Plaintiff's application after making the following findings pursuant to the Commissioner's five-step evaluation. (AR 15-24.) Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date of December 9, 2014. (AR 17.) She had severe impairments consisting of "degenerative joint disease of the sacroiliac joint, degenerative disc disease of the lumbar spine, and obesity, status post gastric sleeve surgery." (*Id*.) She did not have an impairment or combination of impairments that met or medically equaled the requirements of one of the impairments from the Commissioner's Listing of Impairments. (AR 18.) She had a residual functional capacity for light work with additional limitations. (*Id*.) She could perform her past relevant work as a job coach, as it is generally performed. (AR 22.) In the alternative, she could perform other work in the national economy, in the occupations of cafeteria attendant, housekeeping cleaner, and electronic worker. (AR 23.) Thus, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act. (AR 24.)

On March 12, 2019, the Appeals Council denied Plaintiff's request for review. (AR 1-6.) Thus, the ALJ's decision became the final decision of the Commissioner.

## DISPUTED ISSUE

The parties raise the following disputed issue: whether the ALJ properly assessed Plaintiff's residual functional capacity is supported by substantial evidence, given the more restrictive opinions of two physicians. (ECF No. 16, Parties' Joint Stipulation ["Joint Stip."] at 4.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's interpretation must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## DISCUSSION

### I. Legal Standard.

A claimant's residual functional capacity ("RFC") represents the most she can do despite her limitations. 20 C.F.R. § 404.1545(a)(1); *Reddick v. Chater*, 157 F.3d 715, 724 (9th Cir. 1998); *Smolen v. Chater*, 80 F.3d 1273, 1291 (9th Cir. 1996). An ALJ's RFC determination "must set out *all* the limitations and

3

restrictions of the particular claimant." *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (emphasis in original). An ALJ will assess a claimant's RFC "based on all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). "The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." Social Security Ruling ("SSR") 96-8P, 1996 WL 374184, at *7.

Specifically, before rejecting the uncontradicted opinion of a treating physician, and ALJ must state "clear and convincing" reasons. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If a treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. *See id*. "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes*, 881 F.2d at 751 (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

Similarly, before rejecting the uncontradicted opinion of an examining physician, an ALJ must provide "clear and convincing" reasons. But where the examining physician's opinion is contradicted by that of another doctor, the ALJ must provide "specific and legitimate" reasons that are supported by substantial evidence in the record. *See, e.g., Lester*, 81 F.3d at 830-31; *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1298-99 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

Here, Plaintiff challenges the ALJ's RFC assessment in light of the more restrictive opinions of Dr. Cohen (an examining physician) and Dr. Rosenzweig (a treating physician). (Joint Stip. at 5, 9.) Their opinions were inconsistent with the opinions of Dr. Han and Dr. Vaghaiwalla, non-examining state agency physicians.

(AR 62-64, 73-75.)  Thus, before rejecting the opinions of Dr. Cohen and Dr. Rosenzweig, the ALJ was required to state specific and legitimate reasons based on substantial evidence.

## II.     Background.

In 2010, while employed as a care worker for special needs patients, Plaintiff injured her lower back when she lifted a wheelchair.  (AR 221.)  In 2012, she again injured her lower back when she lifted a patient who weighed 100 to 110 pounds.  (*Id*.)  Plaintiff stopped working in 2014.  (AR 41.)

Plaintiff was examined by Dr. Cohen and treated by Dr. Rosenzweig for her back problem.  In mid-2014, each physician issued an evaluation in which he stated, *inter alia*, his belief that Plaintiff needed to lose weight.  (AR 219, 241.)  At that time in mid-2014, Plaintiff was five feet one inch tall and weighed 220 pounds.  (AR 240.)  More than two years later, in January 2017, Plaintiff had gastric sleeve surgery.  (AR 703.)  Her weight then decreased from 290.7 pounds at the time of the surgery to 172.5 pounds approximately one year later, in February 2018.  (AR 617.)  During that period, Plaintiff's condition was reported as "very good," which included an "excellent recovery."  (AR 617, 626, 651, 656, 666.)

In assessing Plaintiff's RFC, the ALJ gave "little weight" to Dr. Cohen's and Dr. Rosenzweig's opinions.  (AR 21.)  The ALJ further gave "great weight" to the opinions of Dr. Han and Dr. Vaghaiwalla, the non-examining state agency physicians.  (*Id*.)  Plaintiff challenges each of these findings.

As an initial matter, however, both Dr. Cohen and Dr. Rosenzweig issued their opinions in mid-2014, before Plaintiff's alleged onset date of December 9, 2014.  Thus, their opinions had limited relevance.  *See Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance.").  In any event, the Court reviews the ALJ's reasoning below.

### III. Dr. Cohen (Examining Physician).

In August 2014, Dr. Cohen, an orthopedic surgeon, wrote an evaluation after examining Plaintiff. (AR 218-20.) Dr. Cohen diagnosed "grade I spondylolisthesis at L4-5 with spinal stenosis at L4-5; degenerative disc disease at L4-5 and L5-S1 with herniated disc at L5-S1." (AR 219.) Dr. Cohen commented that Plaintiff most likely would be a surgical candidate but that "it is too dangerous now" because of Plaintiff's obesity. (*Id.*) Dr. Cohen stated that he "would recommend that [Plaintiff] should do no repetitive bending and twisting, no lifting greater than 10 pounds." (AR 220.)

#### A. Analysis.

The ALJ gave "little weight" to Dr. Cohen's recommendation that Plaintiff should do no repetitive bending and twisting and should not lift more than 10 pounds. (AR 21.) As support, the ALJ gave three reasons. (*Id.*) Plaintiff contends that the ALJ's reasons were not specific and legitimate reasons based on substantial evidence. (Joint Stip. at 6-8.)

As an initial matter, Dr. Cohen's evaluation had limited relevance not only because it predated the alleged onset date, but also because Dr. Cohen stated his evaluation only in terms of what he would "recommend" in the functional areas of bending, twisting, and lifting. The ALJ had no duty to credit his recommendations. *See Rounds v. Commissioner Social Sec Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("An ALJ may rationally rely on specific imperatives regarding a claimant's limitations, rather than recommendations.") (citation omitted).

In any event, even assuming that the ALJ had a duty to address Dr. Cohen's recommendation, the ALJ properly did so. Two of the ALJ's three reasons for giving little weight to Dr. Cohen's evaluation were specific and legitimate reasons based on substantial evidence, as discussed below.

///

### 1. Ability to ambulate.

The ALJ first stated that Dr. Cohen's evaluation was not supported by treating notes, which showed "that [Plaintiff] is able to ambulate independently with no assistive device." (AR 21.) This reason was not specific and legitimate because Dr. Cohen's evaluation said nothing about Plaintiff's ability to ambulate. (AR 218-20.) "[A]n ALJ must evaluate the physician's assessment using the grounds on which it was based." *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007). Plaintiff's ability to ambulate was not a ground on which Dr. Cohen's evaluation was based.

### 2. Subsequent weight loss.

The ALJ next stated that Dr. Cohen's evaluation was "rendered prior to [Plaintiff's] weight loss of over 100 pounds." (AR 21.) As noted, in January 2017, more than two years after Dr. Cohen's evaluation in August 2014, Plaintiff underwent gastric sleeve surgery. (AR 703.) Her weight decreased from 290.7 pounds at the time of the surgery to 172.5 pounds approximately one year later, in February 2018. (AR 617.) During that period, Plaintiff was reported to be doing "very good," which included an "excellent recovery." (AR 617, 626, 651, 656, 666.)

An ALJ may reject a physician's opinion if the basis for the opinion has been brought under control, or if the opinion is given at a time when the claimant had not yet received treatment. *See Celaya v. Halter*, 332 F.3d 1177, 1180 (9th Cir. 2003) (physician's statement that a claimant could not work if her hypertension remained uncontrolled was rendered "moot" by subsequent evidence that the claimant's blood pressure was brought under control); *Ryan-Werry v. Colvin*, 641 F. App'x 684, 686 (9th Cir. 2015) ("[A]n evaluation (like Dr. Taylor's) conducted at a time when [the claimant] was not completely on her medications undermines it reliability, and the ALJ did not err by discrediting Dr. Taylor's opinion for this

reason."). Here, Dr. Cohen's recommendation about Plaintiff's limitations was based on her obesity at that time, before she underwent surgery. Dr. Cohen did not purport to recommend limitations after treatment leading to significant weight loss. Thus, Plaintiff's subsequent weight loss of more than 100 pounds was a specific and legitimate reason to conclude that Dr. Cohen's recommendation was rendered moot.

Plaintiff contends that the weight loss was not dispositive, because Dr. Cohen still believed that Plaintiff "most likely" would need back surgery after the weight loss. (Joint Stip. at 7; *see also* AR 219.) But it remains the case that Dr. Cohen's evaluation did not predict what Plaintiff's limitations would be after back surgery. The ALJ reasonably interpreted Dr. Cohen's evaluation to assess Plaintiff's abilities based on her obesity and back condition only at the time of the evaluation, not after a future back surgery. That interpretation must be upheld. *See Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995) ("We must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation."). Accordingly, this was a specific and legitimate reason based on substantial evidence to give little weight to Dr. Cohen's evaluation.

### 3. Recent stability on pain medication.

Finally, the ALJ stated that Dr. Cohen's evaluation was inconsistent with "recent medical records showing that [Plaintiff's] back and sacroiliac pain is stable on pain medication." (AR 21.) An ALJ may reject a physician's opinion where the record shows that the claimant's symptoms improved with treatment. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Moreover, impairments that can be controlled effectively with medication are not disabling. *See Warre v. Commissioner of Social Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (citing *Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983)).

///

Plaintiff contends that this reason is not specific and legitimate because the ALJ did not cite any evidence showing that Plaintiff's pain was stable on pain medications. (Joint Stip. at 8.) To the contrary, the ALJ did cite specific evidence for the proposition that "[r]ecent treating records show that her symptoms are stable with pain medications." (AR 20 [citing AR 780, 783].) Moreover, the Court must review the record as a whole to determine whether it contains substantial evidence supporting the ALJ's specific finding. *See Smolen*, 80 F.3d at 1279 ("We must give the facts a full review and must independently determine whether the Commissioner's findings are supported by substantial evidence.") (citations omitted). If such a review reveals additional support for the ALJ's specific finding, it does not mean that the Court is inventing a new reason to affirm the ALJ's decision. *See Warre*, 439 F.3d at 1005 and n.3 (holding that the Programs Operations Manual System ("POMS") lent support to the ALJ's finding, even though the ALJ did not cite the POMS, because it did not involve "invent[ing] a new ground of decision; rather, the POMs simply is additional support for the Commissioner's and the ALJ's position").

Review of the record as a whole reflects that Plaintiff's symptoms became stable with pain medications after her gastric sleeve surgery in January 2017. In May 2017, Plaintiff reported that the "[p]ain level is the same." (AR 773.) In July 2017, Plaintiff reported "no changes" and that her "[l]evel of activity is better." (AR 769-70.) In March 2018, she reported that "[p]ain medication remains effective." (AR 753.) Thus, the record as a whole reflects that a specific and legitimate reason based on substantial evidence to give little weight to Dr. Cohen's evaluation.

### B. Conclusion.

Dr. Cohen's August 2014 opinion had limited relevance because it predated Plaintiff's alleged onset date of December 9, 2014. *See Carmickle*, 533 F.3d at

1155. Moreover, the ALJ need not have relied on Dr. Cohen's evaluation because it was stated in terms of recommendations, rather than specific imperatives regarding Plaintiff's limitations. *See Rounds*, 807 F.3d at 1006. Nonetheless, the ALJ stated two reasons that were specific and legitimate reasons based on substantial evidence to give little weight to Dr. Cohen's evaluation. One of the reasons was not specific and legitimate, but it amounted to harmless error. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (an error is harmless where it is "inconsequential to the ultimate nondisability determination"); *Monta v. Saul*, 776 F. App'x 473, 474 (9th Cir. 2019) (ALJ's erroneous reasoning in rejecting a medical opinion was harmless when other reasons were specific and legitimate). In sum, reversal is not warranted for this issue.

**IV. Dr. Rosenzweig (Treating Physician).**

In July 2014, Dr. Rosenzweig, Plaintiff's treating physician, issued an orthopedic evaluation of Plaintiff's condition. (AR 238-44.) Upon examination, he observed that Plaintiff "walks with a stiff gait" and a "slight limp on the left leg." (AR 240.) He diagnosed lumbar spinal strain; lumbar radiculopathy; lumber disc protrusions at L3-4 and L4-5 with spondylolisthesis and stenosis; obesity; and stress and anxiety. (AR 241.) As treatment, he recommended weight loss, moist heat treatments, and pain medications. (*Id*.) For work restrictions, Dr. Rosenzweig stated that Plaintiff must engage in no lifting, pushing, or pulling over 15 pounds; no repetitive prolonged bending and twisting of the low back; and no repetitive or prolonged standing and walking. (AR 242.)

**A.    Analysis.**

The ALJ gave "little weight" to Dr. Rosenzweig's opinion for the same three reasons applied to Dr. Cohen's evaluation. The Court reviews each of the reasons in turn.

### 1. ability to ambulate.

The ALJ first stated that Dr. Rosenzweig's opinion was not supported by treating notes, which showed "that [Plaintiff] is able to ambulate independently with no assistive device." (AR 21.)  "A conflict between treatment notes and a treating provider's opinions may constitute an adequate reason to discredit the opinions of a treating physician or another treating provider." *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (citing *Valentine*, 574 F.3d at 692-93.

Dr. Rosenzweig (unlike Dr. Cohen) based his opinion in part on Plaintiff's perceived inability to engage in repetitive or prolonged walking.  (AR 241.) Treating notes, however, showed that Plaintiff walked independently.  In November 2016, she was walking 3,000 steps each morning.  (AR 585.)  In May 2017, four months after her gastric sleeve surgery, she reported "walking more and for longer."  (AR 754.)  In July 2017, she similarly reported "walking more."  (AR 769-70.)  Thus, substantial evidence supported the ALJ's reasoning that Dr. Rosenzweig's opinion was inconsistent with evidence of Plaintiff's ability to ambulate independently.

### 2. subsequent weight loss.

The ALJ next stated that Dr. Rosenzweig's opinion was "rendered prior to [Plaintiff's] weight loss of over 100 pounds." (AR 21.)  As noted, in January 2017, Plaintiff underwent gastric sleeve surgery and lost more than 100 pounds.  (AR 703.)  Her subsequent condition was reported as "very good," which included an "excellent recovery."  (AR 617, 626, 651, 656, 666.)  Because Dr. Rosenzweig's opinion in July 2014 could not have accounted for this subsequent treatment evidence, the ALJ had a specific and legitimate basis to reject the opinion as unreliable.  *See Ryan-Werry*, 641 F. App'x at 686.

///

///

      **3.**      **recent stability on pain medication.**

Finally, the ALJ stated that Dr. Rosenzweig's opinion was inconsistent with "recent medical records showing that [Plaintiff's] back and sacroiliac pain is stable on pain medication." (AR 21.) As discussed above, the record showed that Plaintiff's pain stabilized on pain medications around the time of her gastric sleeve surgery in January 2017. (AR 769-70, 773, 753, 780, 783.) Thus, this was a specific and legitimate reason based on substantial evidence to give little weight to Dr. Rosenzweig's opinion. *See Warre*, 439 F.3d at 1006.

**B.**      **Conclusion.**

Dr. Rosenzweig's July 2014 opinion had limited relevance because it predated Plaintiff's alleged onset date of December 9, 2014. *See Carmickle*, 533 F.3d at 1155. Nonetheless, the ALJ stated three reasons that were specific and legitimate reasons based on substantial evidence to give little weight to Dr. Rosenzweig's opinion.

Plaintiff further contends that the ALJ erred by failing to assess the opinion under the regulatory factors set forth in 20 C.F.R. § 404.1527(c)(2)-(6). (Joint Stip. at 12.) These factors include "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). An ALJ "is not required to make an express statement that she considered all the factors outlined" in that regulation but rather, her decision need only contain some indication that the factors were properly considered. *See Kelly v. Berryhill*, 732 F. App'x 558, 562 n.4 (9th Cir. 2018).

Here, the ALJ's opinion contained adequate indications that the regulatory factors were considered in assessing the treating physician's opinion. The ALJ stated her awareness of Dr. Rosenzweig's status as Plaintiff's worker's

compensation physician. (AR 21.) More importantly, after summarizing the medical record (AR 19-21), the ALJ explained the supportability and consistency of Dr. Rosenzweig's opinion, compared to the medical record as a whole (AR 21). Thus, reversal on this basis is not warranted.

## V. Dr. Han and Dr. Vaghaiwalla (Non-Examining Physicians).

Finally, the ALJ gave "great weight" to the opinions of Dr. Han and Dr. Vaghaiwalla, two non-examining state agency physicians. (AR 21.) "The opinions of non-treating or non-examining physicians may . . . serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas*, 278 F.3d at 957.

Dr. Han and Dr. Vaghaiwalla issued opinions in 2016 stating that Plaintiff could perform light work (AR 62-64, 73-75), which were consistent with the ALJ's RFC assessment for light work (AR 18). They based their opinions on evidence from February 2016 (which neither Dr. Cohen nor Dr. Rosenzweig considered) showing normal physical and psychological examinations. (AR 62, 74; *see also* AR 327-29.) Because this evidence was consistent with the state agency physicians' opinions, it could serve as substantial evidence.

Plaintiff contends that these opinions could not serve as substantial evidence because Dr. Han and Dr. Vaghaiwalla, who issued their opinions in 2016, did not have an opportunity to review the entire record. (Joint Stip. at 12.) But the fact that a non-examining state agency physician fails to review the entire record does not, by itself, mean that his or her opinion cannot serve as substantial evidence. *See Owen v. Saul*, - F. App'x -, 2020 WL 1656440, at *2 (9th Cir. 2020) ("[T]here is always some time lapse between a consultant's report and the ALJ hearing and decision, and the Social Security regulations impose no limit on such a gap in time."); *Meadows v. Saul*, - F. App'x - , 2020 WL 1548472, at *2 (9th Cir. 2020) ("[A]lthough the non-examining state agency physicians did not review any

evidence beyond August 2014, the ALJ did not err in giving great weight to the physicians' opinions."). Instead, it would be erroneous for an ALJ to rely on a non-examining physician's opinion if the physician had no opportunity to review subsequent evidence that undermined that opinion. *See Hill v. Astrue*, 698 F.3d 1153, 1160-61 (9th Cir. 2012) (holding that a non-examining physician's opinion that failed to consider a more recent, severe panic attack that was inconsistent with the physician's opinion could not provide substantial evidence to support the ALJ's decision).

Here, the evidence post-dating Dr. Han's and Dr. Vaghaiwalla's 2016 opinions was not inconsistent with their opinions. To the contrary, the more recent evidence showed, as discussed above, Plaintiff's improvement upon undergoing gastric bypass surgery in January 2017. Thus, the ALJ did not err in giving great weight to the state agency physicians' opinions.

## ORDER

It is ordered that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

DATED: May 04, 2020

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

14